NO. 07-05-0354-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



MAY 10, 2006


______________________________



BUFORD WILLIAM MEADOWS, 



 Appellant

v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;



NO. 4163; HON. STEVEN RAY EMMERT, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 After a jury trial, appellant Buford William Meadows was convicted of sexually
assaulting a child. Punishment was assessed by the jury at 20 years imprisonment. 
Appellant timely filed his notice of appeal. Appellant's appointed counsel has filed a motion
to withdraw, together with an Anders (1) brief, wherein he certifies that, after diligently
searching the record, he has concluded that appellant's appeal is without merit. Along with
his brief, he has filed a copy of a letter sent to appellant informing him of counsel's belief
that there was no reversible error and of appellant's right to appeal pro se. By letter dated
March 29, 2006, this court notified appellant of his right to file his own brief or response by
April 28, 2006, if he wished to do so. The latter date has passed without the filing of either
a motion for extension or a response. 

 In compliance with the principles enunciated in Anders, appellate counsel discussed
four potential grounds of error and then explained why they were meritless. Thereafter, we
conducted our own review of the record to assess the accuracy of appellate counsel's
conclusions and to uncover any error, reversible or otherwise, pursuant to Stafford v. State,
813 S.W.2d 503 ( Tex. Crim. App. 1991) and concluded that none existed.

 Accordingly, the motion to withdraw is granted and the judgment is affirmed. 

 

 Brian Quinn 

 Chief Justice 


Do not publish. 






1. See Anders v. California, 386 U.S. 738, 744- 45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).